UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHIA I. THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:16-cv-2060 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge erred by failing to address Listing 12.09, by rejecting plaintiff's testimony, and with respect to the treatment of the medical opinion evidence. For the reasons explained below, plaintiff's motion is granted in part and denied in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 6 & 8.)

1

## PROCEDURAL BACKGROUND

In May of 2012, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on August 30, 2008. (Transcript ("Tr.") at 17, 246-60.) Plaintiff's applications were denied initially, (id. at 143-47, 149-54), and upon reconsideration. (Id. at 156-62.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on August 28, 2014. (Id. at 39-75.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 39-41.) In a decision issued on March 13, 2015, the ALJ found that plaintiff was not disabled. (Id. at 28.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since August 30, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: lumbar scoliosis, carpal tunnel syndrome, bipolar disorder, and social anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ladders, ropes and scaffolds, stoop, kneel, crouch, crawl. She can frequently climb ramps and stairs, and balance. She is able to understand, remember and carry out very short and simple instructions, maintain attention for 2-hours (sic) segments, maintain regular attendance and be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being unduly distracted by them, make simple work-related decisions and complete a normal workday and workweek without interruption from psychologically based systems, perform at a consistent pace without an unreasonable number and length of rest periods, ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes,

respond appropriately to changes in a routine work setting, and be aware of normal hazards and take appropriate precautions. She must avoid concentrated exposure to dust, fumes, odors, and pulmonary irritants.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 16, 1980 and was 27 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 30, 2008, through the date of this decision (20 CFR 404.1502(g) and 416.920(g)).

(Id. at 19-28.)

On July 18, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's March 13, 2015 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 27, 2016. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin.,

466 F.3d 880, 882 (9th Cir. 2006) (quoting <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; <u>see also</u> <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id.</u>; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

### APPLICATION

Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ erred by failing to consider Listing 12.09; (2) the ALJ improperly rejected plaintiff's testimony; and (3) the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 17) at 16-21.[2])

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF

I.      Listing 12.09

At step three of the sequential evaluation, the ALJ must determine whether a claimant's impairment or impairments meet or equal one of the specific impairments set forth in the Listings. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The physical and mental conditions contained in the Listings are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." Lester, 81 F.3d at 828. The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990); see also Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). If a claimant shows that his impairments meet or equal a Listing, he will be found presumptively disabled. 20 C.F.R. §§ 404.1525-404.1526, 416.925-416.926.

The claimant bears the burden of establishing a prima facie case of disability under the Listings. See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002). To "meet" a listed impairment, the claimant must establish that his condition satisfies each element of the listed impairment. See Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to each element of the listed impairment. Id.

Listing 12.09 is unusual in that it is a reference listing which serves "to indicate which of the other listed mental or physical impairments must be used to evaluate the behavioral or physical changes resulting from regular use of addictive substances." 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00. One of the other listings referenced by Listing 12.09, is Listing 11.14. Id. Here, plaintiff specifically argues that the ALJ failed to consider Listing 12.09 by failing to consider Listing 11.14. (Pl.'s MSJ (ECF No. 17) at 16-17.)

   A.   Reference to Listing 11.14

Listing 11.14 concerns peripheral neuropathies and, at the time of the ALJ's decision, pointed to "disorganization of motor function as described in 11.04B, in spite of prescribed

---

system and not to page numbers assigned by the parties.

5

treatment."[3]  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.14 (Jan. 2, 2015).  Listing 11.04B was satisfied where there was "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.04B (Jan. 2, 2015).  "Persistent disorganization of motor function" is defined as "paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances . . . which occur singly or in various combinations . . . . The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00C (Jan. 2, 2015).

In this regard, to establish disability pursuant to Listing 11.14, plaintiff must have demonstrated: (1) disorganization in motor function; (2) in two extremities; (3) resulting in sustained disturbance of: (a) gross and dexterous movements; or (b) gait and station; and (4) the disorganized motor function is persistent or sustained, in spite of treatment.

Here, the ALJ's decision revealed that plaintiff had a history of regular use of addictive substances.  (Tr. at 19-20, 23-24.)  Moreover, plaintiff testified that she "can't hold things," continuously drops things, and had "fumbly fingers."  (Id. at 50.)  The record reveals that plaintiff complained of "[n]umbness and tingling bilateral hands and wrists," and was diagnosed with neuropathy.  (Id. at 727.)  An August 27, 2014, nerve conduction study found "evidence of bilateral severe median neuropathy at the wrists."  (Id. at 762.)  Medical opinion evidence opined that plaintiff could not feel with either hand.  (Id. at 767.)

B. ALJ's Failure to Consider Listing 12.09 and 11.14

Despite the presence of this evidence, the ALJ's decision makes no mention of Listing 11.14 or Listing 12.09.  "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment."  Lewis, 236 F.3d at 512 (citing

---

[3] Social Security Regulations define peripheral neuropathy as a disorder that "results when the kidneys do not adequately filter toxic substances from the blood.  These toxins can adversely affect nerve tissue.  The resulting neuropathy may affect peripheral motor or sensory nerves, or both, causing pain, numbness, tingling, and muscle weakness in various parts of the body."  20 C.F.R. § Pt. 404, Subpt. P, App. 1.

6

Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.")).

Moreover, an "ALJ must provide a discussion of the evidence and an explanation of reasoning for his conclusion sufficient to enable meaningful judicial review." Diaz v. Commissioner of Social Sec., 577 F.3d 500, 504 (3rd Cir. 2009) (quotation omitted); see also Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("The ALJ's decision regarding the applicability of Listing 1.04A is devoid of reasoning. . . . This insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings.").

Accordingly, the court finds that plaintiff is entitled to summary judgment with respect to the claim that the ALJ erred at step three of the sequential evaluation by failing to consider Listing 12.09.

II.  Plaintiff's Testimony

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security

cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were "not entirely credible for the reasons explained in" the ALJ's decision. (Tr. at 23.) Plaintiff argues that the ALJ rejected plaintiff's testimony simply because it was not supported by medical evidence and because it was inconsistent with her activities of daily living. (Pl.'s MSJ (ECF No. 17) at 17-20.) Plaintiff's characterization of the ALJ's findings, however, is inaccurate.

In this regard, it is true that "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). Here, however, the ALJ did not reject plaintiff's testimony based on a lack of evidence to corroborate, but instead upon "clinical indications" that were "inconsistent" with plaintiff's testimony. (Tr. at 23.) Inconsistency is a permissible reason to discredit

subjective complaint. See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("These inconsistencies [lab reports contradicting plaintiff's subjective complaint] constitute significant and substantial reasons to find Parra's testimony less than completely credible.").

Moreover, the ALJ also rejected plaintiff's testimony because the record revealed that plaintiff had made "numerous claims of being 'clean' even though she was not." (Tr. at 24.) The ALJ's decision discussed, at length, the numerous false claims. (Id.) The ALJ noted that this finding suggests that plaintiff may have "not been entirely candid with her medical providers and they in turn may have relied on her misstatements in the course of providing treatment." (Id.)

The ALJ also rejected plaintiff's testimony because of "significant gaps in treatment." (Id.) The ALJ's decision specifically noted that plaintiff "sought no primary care treatment between December 8, 2008, and June 28, 2010." (Id.) And that plaintiff "sought no outpatient mental health treatment since March 7, 2013," and "attended no clinic visits between August 2013 and January 1, 2014." (Id.)

Inconsistent statements and a lack of treatment are each permissible reasons to reject a plaintiff's testimony. See Burch, 400 F.3d at 681 ("The ALJ is permitted to consider lack of treatment in his credibility determination."); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("In weighing a claimant's credibility, the ALJ may consider [her] reputation for truthfulness, inconsistencies either in [her] testimony or between [her] testimony and [her] conduct, [her] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [she] complains.").

For the reasons stated above, the court finds that the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony. Accordingly, plaintiff is not entitled to summary judgment on the claim that the ALJ's treatment of the subjective testimony constituted error.

III. Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion

9

of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

      A.     Dr. Ronald Chambers

In a vague and conclusory manner, plaintiff argues that the ALJ "gave no consideration to the opinions expressed by Dr. Chambers, and mischaracterized the record of [plaintiff's] treatment frequency."  (Pl.'s MSJ (ECF No. 17) at 20.)  Plaintiff, however, does not provide any explanation as to what opinion Dr. Chambers allegedly provided.  Moreover, the citation to the record provided by plaintiff is not to an opinion but instead to treatment records.  See Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007) ("The primary function of medical records is to promote communication and recordkeeping for health care personnel—not to provide evidence for disability determinations."); Reddick, 157 F.3d at 725 ("In disability benefits cases such as this, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work.").

Accordingly, the court finds no error with respect to this claim.

////

B.  <u>Dr. Herbert Monie</u>

On February 26, 2014, Dr. Monie completed a Welfare-to-Work Exemption Request form. (Tr. at 755-56.) As noted by the ALJ's decision, plaintiff's "allegations would find support in the opinion of" Dr. Monie. (<u>Id.</u> at 26.) In this regard, Dr. Monie opined that plaintiff "had chronic conditions that precluded the claimant from working more than 2 hours per day, 4 days per week." (<u>Id.</u>)

The ALJ afforded "little weight" to Dr. Monie's opinion, stating:

> … Dr. Monie examined the claimant on merely one occasion in February 2014 in order to get the form completed. Thus, no treating relationship was established. Moreover, his examination included no abnormal findings. Thus, this opinion appears to be based solely on this claimant's subjective complaints rather than on any objective findings.[4] While his opinion took into account the fact that she was attending weekly NA/AA meeting (sic), his opinion does not take into account her substance abuse.

(Tr. at 26.)

Dr. Monie, however, had actually treated plaintiff on more than one occasion. <u>See Ghokassian v. Shalala</u>, 41 F.3d 1300, 1303 (9th Cir. 1994) (treating physician despite only two visits over 14 months). In this regard, Dr. Monie treated plaintiff on February 20, 2013. (Tr. at 749-50.) Dr. Monie's notes from that examination reflect that plaintiff was treated for social anxiety, Dr. Monie discussed plaintiff's use of methamphetamine and marijuana, and diagnosed plaintiff as suffering from social anxiety, mood disorder, and amphetamine abuse in remission. (<u>Id.</u>)

In this regard, the court finds that the ALJ failed to offer a specific and legitimate, let alone clear and convincing, reason supported by substantial evidence in the record for rejecting Dr. Monie's opinion.

C.  <u>Dr. Douglas McMullin</u>

On June 4, 2014, Dr. McMullin completed a Welfare-to-Work Exemption Request form. (Tr. at 758-59.) Therein, Dr. McMullin opined that plaintiff could work 3 hours per day, 5 days

---

[4] "Mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices in order to obtain objective clinical manifestations of mental illness." <u>Hartman v. Bowen</u>, 636 F.Supp. 129, 132 (N.D. Cal. 1986).

per week, stand no more than 15 minutes, was unable to perform any lifting or bending, and was prone to anger, outbursts and confrontations. (Id.)

The ALJ afforded Dr. McMullin's opinion "little weight." (Id. at 26.) In support of this determination, the ALJ noted that there were "few objective findings" to support Dr. McMullin's opinion. (Id.) In this regard, the ALJ noted that despite opining that plaintiff's "bipolar disorder limited her 'to some degree,'" Dr. McMullin did not refer plaintiff for mental health treatment. (Id. at 26-27.) Moreover, although Dr. McMullin opined that plaintiff's back pain impaired her ability to lift and bend, Dr. McMullin "did not prescribe any pain medications, specialty referrals, chiropractic adjustments, physical therapy, steroid injections, medical imagery, or any other alternative measure to control her back pain." (Id. at 27.)

These are clear and convincing reasons supported by substantial evidence in the record for rejecting Dr. McMullin's opinion. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ reasonably discounted a treating physician's opinion where conservative treatment was inconsistent with symptoms one would expect if claimant was disabled). Thus, the court finds no error with respect to this claim.

Accordingly, plaintiff's motion for summary judgment is granted on the claim that the ALJ's treatment of Dr. Monie's opinion was erroneous, but denied as to the claim that the ALJ erred with respect to the treatment of the opinions of Dr. Chambers and Dr. McMullin.

CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, as reflected by the mixed findings on summary judgment, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 19) is granted in part and denied in part;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: March 26, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\thomas2060.ord

14